Curia, per

Butler, J.
The first question is, can a justice of ¡he peace have jurisdiction of such a pase as the ope under consideration, and if so, would he .have exclusive jurisdiction. In the case of Saddler v. Cohen,, 2 M’C. 239, it \yas decided that a justice had jurisdiction on a contract for the breach of warranty. The defendant had done some repairs to plaintiff’s watch, and had warranted it to run for one year. Justice Richardson, who delivered the opinion of the court, says, “the first .question is, was the case of- contract s,o as to be embraced within the jurisdiction of a justice of the peace, or- was it one sounding in damages, as expressed in the Act of 17.91. It is plait} that the claim arose from the breach of an express warranty, that the vyatolji .would run for one year. It was then in the nature of a debt or claim — arose ex contractu, and was therefore plajnly within the jurisdiction of a magistrate.”
.The case before the court is like the above. It was brought to recover damages for the breach of a contract of warranty ; and a justice of the ^eace.might have decided it, if the damages had ljeen laid and proved to *203 bave been under twenty dollars. But does it follow that the Court of Comnion Pleas would not have had jurisdiction, unless it should appear that the damages were more than twenty dollars; or, in other words, could the court give a judgment for any sum under twenty dollars, arising out of a matter ex contractul In cases where the plaintiff’s demand is reduced by defendant’s discount, the court could give judgment for a sum less than twenty dollars, decause the defendant’s discount is a counteraction which depends upon proof, the extent of which the plaintiff cannot always foresee. The plaintiff brings his action on his own defiiand without reference to defendant’s demand, not knowing what defence he may set up ; for a defendant might refuse di orbit to plead a discount, and let the plaintiff’s claim be tried on its own merits. If the plaintiff was to sue for the true amount, and to bring his action wilhih the sum. fro-. or magistrate’^ jurisdiction, it wduld be in the power of a defendant to deprive him of jurisdiction, by showing that the plaintiff had not sued ori his entire demand. But in 'á case in which no discount could be pleaded* and in which it is in the power of the plaintiff to ascertain with tolerable certainty what damages he had sustained, before he brings bis actiori, ban he have a judgment in the Court of Common Pleas, if he shows that hé iá entitled to a surii exclusively within á magistrate’s jurisdiction 1 ■ By the Act of 1824, it is provided, “ that the jurisdiction of justices of the peace, in matters of contract; to the amount of twenty dollars, shall be exclusive;” with the same right of appeal, however, as hoW exists. The language of the Act would seem to be conclusive. In the cáse of Ferguson v. Femster, 1 Bail. 506, the Act. has rebeivéd á construction which must decide the case. The plaintiff, a landlord, brought his action in the Court of Common Pleas, against his tenant for not making repairs to demised premises, and proved the repairs to be worth fifteen dollars : “ held to be within the exclusive jurisdiction of á magistrate’s court; and the plaintiff non-suited.”
The plaintiff, in the case under consideration, might have given this court jurisdiction Of his caiisé, if he had brought an action On the fea sé for deceit, or had rescinded the contract. But he has choseri to keep the hb’rse, and to take him out of the country, so that he could not return him fit the trial. Having brought his action on the contract, and having shown that he was entitled to less thári twenty dollars; he was properly non-suited.
The motion to set aside non-súit is refused;
DeSaussure; Evans; O’Nea'lÜ; Harper'; GC; and JJ; cohcürréch